FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ AUG 27 2009 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
ANGELA MOTTAHEDEH, as Trustee,
of the Trust Agreement dated November 8, 1993,

                      Plaintiff,

   -against-

THE UNITED STATES OF AMERICA,

                      Defendant.
———————————————————————X

Case No.
**CV 09 3729**

**BIANCO, J.**

**TOMLINSON, M**

---

### MEMORANDUM OF LAW IN SUPPORT
### OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

---

DOLLINGER, GONSKI & GROSSMAN
Attorneys for Plaintiff
One Old Country Road, Suite 102
P. O. Box 9010
Carle Place, New York 11514-9010
(516) 747-1010
dgglaw@dggny.com

(i)

# TABLE OF CONTENTS

Preliminary Statement ................................................................. 1

Statement of Facts ..................................................................... 2

Point I
Plaintiff Is Entitled to a Temporary Restraining Order
And a Preliminary Injunction ........................................................... 3

(a) Preliminary Injunction ............................................................. 4

    (i) Irreparable Harm ............................................................. 5

    (ii) Monetary Damages ........................................................... 5

    (iii) Likelihood of Success ....................................................... 5

    (iv) Sufficiently Serious Questions Going to the Merits
        and the Balance of the Hardships Tipping Decidedly
        Toward the Plaintiff ...................................................... 6

Conclusion ............................................................................. 7

(ii)

## TABLE OF CASES

**PAGE**

Four Rivers Investments, Inc. v. U.S., 77 Fed.Cl. 592 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Global Computer Enterprises, Inc. v. U.S., ___ Fed.Ct. ___, 2009
WL 2355774 (Fed.Ct. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Spear, Leeds & Kellogg v. Central Life Assurance Co., 85 F.3d 21 (2d Cir. 1996) . . . . . . . . . . 4

Tucker Anthony Realty Corp. v. Schleslinger, 888 F.2d 969 (2d Cir. 1989) . . . . . . . . . . . . . . . 5

U.S. v. Doyal, 462 F.2d 1357 (5th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

United States v. Goldstein, 2005 WL 323740 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Werner, 857 F.Supp. 286, 289 (S.D.N.Y. 1994); 26 U.S.C. §6502(c) . . . . . . . . 6

Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

26 U.S.C. §6502(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

26 U.S.C. §7421(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26 U.S.C. §7426(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26 U.S.C. §7426(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## **PRELIMINARY STATEMENT**:

This Memorandum of Law is submitted on behalf of the plaintiff, ANGELA MOTTAHEDEH, as Trustee, in support of plaintiff's motion for a preliminary injunction to enjoin the UNITED STATES OF AMERICA from taking any steps or action to implement its expressed intention of pursuing or proceeding with the administrative sale of nineteen (19) shares of common stock of Old Cedar Development Corp., a New York Corporation, which the Internal Revenue Service claims are in its possession.

For the reasons set forth herein and based upon the documentary proof and the Affidavit of ANGELA MOTTAHEDEH sworn to the 25th day of August, 2009, the plaintiff's motion should be granted.

1

**STATEMENT OF FACTS**:

Plaintiff will rely on the Statement of Facts set forth in the Affidavit of ANGELA MOTTAHEDEH, sworn to the 25th day of August, 2009 and in the Complaint, both of which are annexed to the Order to Show Cause.

## POINT I

## PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION:

The Internal Revenue code provides that if a levy has been made on property or such property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which the levy arose) who proclaims an interest in or lien on such property and who claims that such property was wrongfully levied upon may bring a civil action against the United States in a District Court of the United States. 26 U.S.C. §7426(a)(1). Further, if a levy or sale would irreparably injure rights and property which the Court determines to be superior to rights of the UNITED STATES in such property, the Court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale. 26 U.S.C. §7426(b).

Section 7426 is an express exception to the anti-injunction provision of Section 7421(a) and under the provisions of Section 7426(b)(1), a Court can enjoin the enforcement of a wrongful levy. U.S. v. Doyal, 462 F.2d 1357 (5th Cir. 1972).

Plaintiff is the owner of nineteen (19) shares of stock of Old Cedar Development Corp. (the "Old Cedar Stock") and claims that such property was wrongfully levied upon. An injunction is sought to prohibit the enforcement of the government's levy and to prohibit a sale of that property.

Ownership of the Old Cedar Stock constitutes a unique membership interest in a unique entity which is owned by various important and distinguished members of the Iranian community on Long Island, of which the plaintiff is a member. In this community, it is an honor to participate in the activities associated with ownership of Old Cedar Development Corp. and to play

3

such an important role in this small community provides plaintiff with an invaluable status. Money could never replace the value of owning these shares of stock. A preliminary injunction is warranted.

**(a) <u>Preliminary Injunction</u>:**

A party seeking a preliminary injunction must demonstrate (1) irreparable harm, should the injunction not be granted, and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of the hardships tipping decidedly toward the parties seeking injunctive relief. <u>Spear, Leeds & Kellogg v. Central Life Assurance Co.</u>, 85 F.3d 21 (2d Cir. 1996).

Put another way, four factors are weighed in considering a motion for a preliminary injunction: (1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; (4) the balance of hardship on all the parties. A motion for a temporary restraining order is decided upon consideration of the same four factors. <u>Four Rivers Investments, Inc. v. U.S.</u>, 77 Fed.Cl. 592 (2007).

As the Supreme Court acknowledged, a preliminary injunction is designed "merely to preserve the relative positions of the parties until a trial on the merits can be held." <u>Global Computer Enterprises, Inc. v. U.S.</u>, ___ Fed.Ct. ___, 2009 WL 2355774 (Fed.Ct. 2009), citing <u>Univ. of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).

No one factor, taken individually, is necessarily dispositive. The weakness of the showing of one factor may be overborne by the strength of the others. <u>Id.</u>

4

### (i) **Irreparable Harm**

To establish irreparable harm, the plaintiff must demonstrate an injury that is not remote or speculative but actual and imminent. Tucker Anthony Realty Corp. v. Schleslinger, 888 F.2d 969 (2d Cir. 1989).

The Internal Revenue Service has advised counsel for the plaintiff that it is in possession of the Old Cedar Stock and that it intends to "proceed with administrative sale proceedings" (see Exhibit "C").

Therefore, injury is not remote or speculative. It is actual and imminent.

### (ii) **Monetary Damages**

Monetary loss will suffice to establish irreparable injury when the movant provides evidence of damage that cannot be rectified by financial compensation. Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969 (2d Cir. 1989).

As already noted, these are not shares of common stock that are traded on a local stock exchange. They are shares of stock in a unique, closely-held entity, establishing title to a property that is unique, one of a kind, and is also a unique and important part of a small community of people residing on Long Island, to wit: the Iranian community. The loss of shareholder's interest in this unique organization cannot be resolved by financial compensation.

### (iii) **Likelihood of Success**

The documentary evidence established the validity of plaintiff's ownership interest in the Old Cedar Stock to the exclusion of Parviz Lavi and the UNITED STATES. However, if there

5

were any doubt as to the conclusiveness of plaintiff's claim, plaintiff's likelihood of success on the merits in this action is still sure.

Plaintiff has a complete defense to the government's claim based upon the Statute of Limitations. The applicable Statute of Limitations is contained in the Internal Revenue Code, which provides that an action to collect taxes must be commenced within ten (10) years after assessment of the tax. <u>United States v. Goldstein</u>, 2005 WL 323740 (S.D.N.Y. 2005); <u>United States v. Werner</u>, 857 F.Supp. 286, 289 (S.D.N.Y. 1994); 26 U.S.C. §6502(c). Therefore, any assessments made prior to ten (10) years before the commencement of the suit are time barred by the Internal Revenue Code Statute of Limitations.

In this case, the assessment the UNITED STATES relies upon was made December 1, 1992 (see Exhibit "A"). As of this date, upon information and belief, the UNITED STATES has not commenced a suit to collect the taxes allegedly due based upon that assessment. More than ten (10) years have expired since the date of the assessment. Therefore, the Statute of Limitations is a complete defense to the government's claim.

### (iv) Sufficiently Serious Questions Going to the Merits and the Balance of the Hardships Tipping Decidedly Toward the Plaintiff

Plaintiff's title to the Old Cedar Stock is based upon a transfer made in 1998. Its validity is founded upon documentary evidence and is well established. The preservation of the Old Cedar Stock will not cause any hardship to the UNITED STATES. The granting of injunctive relief is not contrary to the public interest. The sale of the Old Cedar Stock, on the other hand, will be

devastating to the plaintiff in a manner that can never be repaired if and when plaintiff's claim is vindicated. Injunctive relief is eminently reasonable under the circumstances.

## CONCLUSION

For the reasons set forth above, the relief sought by the plaintiff should be granted in all respects.

Dated:   Carle Place, New York
         August 26, 2009

                                    Respectfully submitted,

                                    DOLLINGER, GONSKI & GROSSMAN
                                    Attorneys for Plaintiff

                        By:         _____
                                    MATTHEW DOLLINGER, ESQ. (0647)
                                    One Old Country Road
                                    P.O. Box 9010
                                    Carle Place, New York 11514-9010
                                    dgglaw@dggny.com
                                    (516) 747-1010

7